IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

--------------------

No. 96-30418

Summary Calendar

--------------------


FELTON DOMINIQUE, SR.; SUCELIA DOMINIQUE,
                              Plaintiffs-Appellees-Cross-Appellants,

                    versus

GEORGIA GULF CORPORATION,
                              Defendant-Appellant-Cross-Appellee.


--------------------

Appeal from the United States District Court
For the Middle District of Louisiana
(4:95-CR-33-2)

--------------------


November 7, 1996

Before HIGGINBOTHAM, WIENER, and BENAVIDES, Circuit Judges.

PATRICK E. HIGGINBOTHAM:[*]

        Georgia Gulf Corporation appeals a jury verdict awarding
tort damages to Felton Dominique, Sr., and his wife, Sucelia
Dominique.  We hold that the trial court did not err in applying
Louisiana's "statutory employee" rule, that there was sufficient
evidence to sustain the jury's findings, and that the jury did not
abuse its discretion in arriving at the amount of general damages.

--------------------

        [*] Pursuant to Local Rule 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in Local Rule 47.5.4.

Mr. Dominique works for the company of Payne & Keller as a pipe-fitter. Pursuant to a maintenance contract between Georgia Gulf and Payne & Keller, a Payne & Keller foreman instructed Mr. Dominique to blind off a valve on a large storage tank that contained sodium chlorate. The concrete base of the tank formed a dike in which more than a foot of rain water containing sodium dichromate had collected. In order to avoid the yellow-green water, Mr. Dominique had to walk on the lip of the dike. He accidentally struck his leg on a pipe that protruded from the tank, lost his balance momentarily, and twisted his back in an effort to avoid falling into the water. He endured back pain during another week of work, but when the pain became more severe he sought medical treatment. The doctor discovered that Mr. Dominique had a ruptured disk and performed a lumbar hemilaminotomy.

The court conducted a two-and-a-half-day jury trial on Mr. Dominique's personal injury suit. By way of special interrogatories, the jury assigned 40% of fault to Georgia Gulf and 60% to Mr. Dominique. It awarded Mr. Dominique $112,336 in compensatory damages, which included $15,000 in general damages for physical pain, mental anguish, and loss of enjoyment of life. The judge reduced these damages to $44,934 in keeping with Louisiana's comparative negligence scheme. The jury also awarded $3,000 to Sucelia Dominique for loss of consortium, which the judge reduced

to $1,200.  The jury answered "no" to the question of whether there was "a contract between Payne & Keller and Georgia-Gulf to do work which was part of the trade, business, or occupation of Georgia-Gulf."

Georgia Gulf presents two questions for this court's review. First, it contends that under Louisiana law Mr. Dominique was a statutory employee and thus that the Louisiana workers' compensation system was his exclusive means of obtaining a remedy. Second, it claims that the evidence was insufficient to support the jury's verdict that Georgia Gulf's negligence caused Mr. Dominique's injury.  Mr. Dominique has filed a cross-appeal to contest the adequacy of the jury's general damages award.  We take up these three matters in turn.

## II.

### A.

Louisiana statutory law restricts the tort remedies that an employee of an independent contractor can assert against a party who engages the services of the independent contractor.  When a principal entity such as Georgia Gulf pays a contractor "to execute any work, which is a part of [its] trade, business, or occupation," the contractor's employees are "statutory employees" of the principal and must rely on the workers' compensation system to obtain compensation for any injuries suffered while performing work for the principal.  La. Rev. Stat. Ann. § 23:1061(A) (West Supp. 1996).

3

In recent years, the details of Louisiana's statutory-employment test have been subject to doubt. In Thibodaux v. Sun Oil Co., 49 So. 2d 852, 854 (La. 1950), the Louisiana Supreme Court adopted the expansive rule that a worker is a statutory employee whenever he performs a task that is "an integral part of" or "essential to" the principal's business. Over the years, that court crafted a more restrictive rule that allowed tort recovery when the work required specialized tools or skills, involved construction rather than maintenance, was never performed by the principal's direct employees, or was less than routine. See Berry v. Holston Well Service, Inc., 488 So. 2d 934, 936-39 (La. 1986). The Louisiana legislature registered its disapproval of this restrictive application of the statutory-employee rule in 1989 when it amended § 1061(A) to reverse the effect of Berry. But the amendment does not indicate whether courts should revert to Thibodaux's integral-part-of test, and at the time trial courts disagreed on the question of whether § 1061(A) imposes the Thibodaux test or a more generous "totality of the circumstances" test. Compare Kinsey v. Farmland Indus., Inc., 39 F.3d 603, 607 (5th Cir. 1994) (concluding that the 1989 amendment to § 1061(A) reinstated the rule announced in Thibodaux) with Kirkland v. Riverwood Int'l, U.S.A. ("Kirkland I"), 658 So. 2d 715, 720-21 (La. Ct. App. 1995) (creating a six-factor totality-of-the-circumstances test in the wake of the 1989 amendment), aff'd, ___ So. 2d ___, 1996 WL 523694 (La. Sept. 13, 1996).

4

The Louisiana Supreme Court has recently rejected the view that the 1989 amendment resurrected Thibodaux. Kirkland v. Riverwood Int'l, U.S.A. ("Kirkland II"), ___ So. 2d ___, 1996 WL 523694, at **8 (La. Sept. 13, 1996) ("Once the Legislature declared in 1989 that no single factor is determinative, the fact-based nature of the inquiry virtually necessitates a multi-factored, case-by-case factual inquiry under the totality of the circumstances."). But even without this guidance from the highest court in Louisiana, we would be compelled to apply the totality-of-the-circumstances test. Georgia Gulf admits that at trial it agreed that the jury should be instructed to consider the six factors set out in the Kirkland I decision and to weigh those factors in light of the totality of the circumstances. The court gave such an instruction, and the jury explicitly found that Payne & Keller's work was not a part of Georgia Gulf's business.

Georgia Gulf contends that our recent cases on Louisiana's statutory-employment rule compel a different result. See Kinsey, 39 F.3d at 607; Morgan v. Gaylord Container Corp., 30 F.3d 586, 589 (5th Cir. 1994); Thompson v. Georgia Pacific Corp., 993 F.2d 1166, 1168-69 (5th Cir. 1993); Salsbury v. Hood Indus., Inc., 982 F.2d 912, 914-16 (5th Cir. 1993). We decided those cases before Louisiana clarified its law in Kirkland II. Furthermore, the principals in those cases did not waive their right to invoke the Thibodaux test as a shield against tort liability.

5

At bottom, then, Georgia Gulf's argument boils down to the claim that there was insufficient evidence on which the jury could base its conclusion that under a six-factor totality-of-the-circumstances test Mr. Dominique was not a statutory employee. We do not find this argument persuasive. In addition to Mr. Dominique, two other Payne & Keller employees--Ronald Freeman and Gerald Bailey--testified that pipe-fitting takes several months to learn and requires special tools. Lynn Landry, a Payne & Keller employee who works at Georgia Gulf as a maintenance manager, testified that Georgia Gulf routinely renews its maintenance contract with Payne & Keller every year by letter. Georgia Gulf, by contrast, did not present evidence that its direct employees regularly serve as pipe-fitters.

We conclude, therefore, that there was ample evidence to support the jury's finding that under the totality-of-the-circumstances test Mr. Dominique was not performing work that was a part of Georgia Gulf's trade, business, or occupation.

B.

Georgia Gulf argues that the evidence does not support the conclusion that Mr. Dominique was injured while working at its plant. It notes that Mr. Dominique's own testimony is the only direct support for his claim that he bumped the pipe and nearly fell into the water. Furthermore, Georgia Gulf argues, Mr. Dominique's explanation for the absence of a formal accident report conflicts with Georgia Gulf's payroll records.

6

Of course, we agree that there is room to doubt the accuracy of Mr. Dominique's account of the cause of his injury. But we will not substitute our judgment for the fact-finding role of the jury, which was free both to believe the witnesses who testified on behalf of Mr. Dominique and also to conclude that Georgia Gulf breached its duty to exercise reasonable care.

## C.

In their cross-appeal, Mr. and Mrs. Dominique contest the sufficiency of the jury's award of $15,000 for his general damages and $3,000 for her loss of consortium.

Mr. Dominique went through a surgical procedure to reduce the pain from his ruptured disc, but he continues to experience pain in his back. The trial included testimony that Mr. Dominique has struggled with impotence and clinical depression as a result of his back injury. It also included testimony that Mr. Dominique suffers from diabetes and liver and kidney problems that were not caused by the accident at Georgia Gulf's plant. The jury also heard Mr. Dominique describe the decrease in his psychological health and physical strength and mobility.

We recognize that factually similar cases in Louisiana have yielded larger awards for general damages. See Creppel v. American Tugs, Inc., 668 So. 2d 374, 378-79 (La. Ct. App.), writ denied, 672 So. 2d 674 (La. 1996); Boudreaux v. Blank, 664 So. 2d 705 (La. Ct. App. 1995). Nevertheless, "[i]n reviewing a damage award, the

7

appellate court 'is not to decide what it considers to be an appropriate award, but rather to review the exercise of discretion by the trier of fact.'" Olivier v. LeJeune, 668 So. 2d 347, 351 (La. 1996) (quoting Youn v. Maritime Overseas Corp., 623 So. 2d 1257, 1260 (La. 1993), cert. denied, 510 U.S. 1114, 114 S. Ct. 1059 (1994)). We cannot say that the jury's assessment of the monetary value of Mr. Dominique's physical pain, mental anguish, and loss of enjoyment of life was outside the range of its discretion. See Evans v. Kilbert, 660 So. 2d 167, 170-71 (La. Ct. App. 1995) (declining to grant additur to a plaintiff who received $7,500 in general damages for a back injury and noting that the jury had an opportunity to observe the plaintiff's physical condition and weigh his credibility). Nor can we say that Mrs. Dominique's recovery of $3,000 for loss of consortium was legally inadequate.

## III.

Because we find no error in the trial proceedings, the jury's determinations both as to liability and as to damages are AFFIRMED.